UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MULLINS,

       Plaintiff,

                                                        Civil No. 05-70003
                                                        Hon. John Feikens

       v.

Officer HAND, Redford Township
Police Officer, and Officer RILEY
Redford Township Police Officer,

       Defendants.

_____

**OPINION AND ORDER**

      Plaintiff's claims against Defendants, two Redford Township police officers, Officer Hand and Officer Riley, are all based on Defendants' alleged violations of Plaintiff's constitutional rights.[1] Plaintiff's action arises out of Defendant police officers' alleged inappropriate arrest of Plaintiff and search of Plaintiff's home. Plaintiff brings six causes of action in his Complaint: (i) the individual officers' violations of the Fourth and Fourteenth Amendment; (ii) the intentional infliction of emotional distress; (iii) conversion; (iv) malicious prosecution; (v) abuse of process; and (vi) false arrest/imprisonment.

      Defendant Hand moves for summary judgment arguing that, among other things, the doctrine of *res judicata* bars Plaintiff's claims. On February 10, 2003, Plaintiff filed a Complaint in this Court regarding the inappropriate arrest of Plaintiff and search of Plaintiff's

---

[1] Plaintiff failed to serve Officer Riley after filing a complaint on January 5, 2005. Having failed to serve the complaint upon Defendant Riley within 120 after filing the complaint, I DISMISS without prejudice all claims against Officer Riley. Fed. R. Civ. P. 4(m).

home.[2] Plaintiff named as the defendants the Township of Redford, John Doe 1 and 2, Redford Township Police Officers. (Def. Hand's Mot. for Summ. J. at 2.) On December 5, 2003, this Court entered an Order of Dismissal with prejudice because Plaintiff failed to comply with this Court's discovery order. Id. at Ex. 2 (Order of Dismissal). On January 3, 2005, Plaintiff filed a nearly identical Complaint which alleges the same underlying facts and identical claims as Plaintiff's previous case. The only difference between Plaintiff's present Complaint and his prior Complaint is that Plaintiff has altered the names of the Defendants to Officer Hand and Officer Riley. (Pl.'s Compl.)

Plaintiff's claims are barred by the doctrine of res judicata. Moore v. Martin, 178 F.3d 1295 (6th Cir. 1999) (unpublished case holding that the doctrine of res judicata barred the plaintiff's subsequent federal lawsuit because the plaintiff's state court action, which was dismissed for failure to prosecute, involved the same claims and the same parties); Branham v. Home Depot U.S.A., Inc., 225 F.Supp.2d 762, 768-9 (E.D. Mich. 2002) ("the Sixth Circuit has repeatedly held that a dismissal for lack of prosecution [...] operates as a decision on the merits for purposes of *res judicata*.").

Thus, I GRANT Defendant Hand's motion for summary judgment.

**IT IS SO ORDERED.**

---

[2] Case number 03-70542.

2

s/ John Feikens_____
John Feikens
United States District Judge

Date:   June 17, 2005

PROOF OF SERVICE

I hereby certify that a copy of the foregoing Opinion and Order was served on the attorneys and/or parties of record on June 21, 2005, by electronic means or first class U.S. Mail.

s/Carol Cohron_____
Case Manager
Honorable John Feikens