UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MULLINS,

    Plaintiff,

                                                    Civil No. 05-70003
                                                    Hon. John Feikens

    v.

Officer HAND, Redford Township
Police Officer, and Officer RILEY,
Redford Township Police Officer,

    Defendants.
_____/

**OPINION AND ORDER**

The Sixth Circuit recognizes that "a district court has inherent power to 'protect[] the due and orderly administration of justice and . . . maintain[] the authority and dignity of the court . . . .'" Bowles v. City of Cleveland, 129 Fed. Appx. 239, 241 (2005) (quoting Cooke v. United States, 267 U.S. 517, 539 (1925)).  This inherent power of the district court is a source of authority by which a case may be dismissed for failure to prosecute.[1]  Id.  For the reasons set forth below, I DISMISS this case with prejudice for failure to prosecute.

---

[1] This Court may also dismiss *sua sponte* for failure to prosecute pursuant to Local Rule 41.2.  Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (2001).  Local Rule 41.2 provides that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."  Local Rule 1.2 states "[f]or good cause shown . . . any Judge of this Court may temporarily suspend the operation of the Rules."  I believe good cause exists to suspend the notice requirement of Local Rule 41.2.  Plaintiff failed in both this case and Plaintiff's prior case (Case No. 03-70542) to follow this Court's orders and to respond to Defendants' motions after notice from this Court that a response was late.  I doubt further notice would be beneficial, based on Plaintiff's lack of attention to both cases.

On February 10, 2003, Plaintiff filed a Complaint (Case No. 03-70542) in this Court under 42 U.S.C. § 1983, alleging that Plaintiff was unlawfully arrested and his home illegally searched. Plaintiff named as Defendants the Redford Township, and John Does 1 and 2, both Redford Township Police Officers. On December 5, 2003, this Court entered an Order of Dismissal with prejudice based on Plaintiff's failure to prosecute the case. Specifically, Plaintiff failed to respond to Defendants' Motion to Dismiss and did not comply with this Court's discovery orders. On January 3, 2005, Plaintiff filed the case at hand. Plaintiff's Complaint alleged the same underlying facts and causes of action as Plaintiff's prior case that was dismissed, the only difference being that Plaintiff named Officers Hand and Riley as John Does 1 and 2.

On June 17, 2005, I granted Defendant Hand's Motion for Summary Judgment on the basis of *res judicata*, and I dismissed without prejudice all claims against Defendant Riley because Plaintiff failed to serve the complaint upon Defendant Riley within 120 days after filing pursuant to Fed. R. Civ. P. 4(m). At a hearing in open court on August 4, 2005, I provisionally set aside the Opinion and Order granting Defendant Hand's Motion for Summary Judgment, as both parties had stipulated. Defendants' counsel stated that he agreed to the stipulation "because plaintiff['s] counsel indicated he never received a copy of the motion, and therefore, he didn't have a chance to respond. . . . [P]laintiff's attorney indicated that the motion was sent to a wrong address . . . ." (Tr. of Hr'g on Mot. to Set Aside, Aug. 4, 2005, at 5.) At that hearing, I asked Defendants to file a motion for summary judgment on the merits, excluding any discussion of *res judicata*, and I gave Plaintiff ten days to respond. Id. at 5-6.

Defendants filed a Motion for Summary Judgment on the merits on August 11, 2005.

Plaintiff failed to file a response within ten days as I ordered at the August 4, 2005 hearing.  On September 13, 2005, my chambers phoned Plaintiff's counsel, Mr. Shaw, and left a voicemail telling him that the response was late and would not be considered unless it was filed by September 15.[2]  As of the date of this order, Plaintiff still has not filed a response, even after being reminded of its tardiness and given an extension to file.

In reviewing a district court's decision to dismiss for lack of prosecution, the Sixth Circuit recognized four factors as relevant, although not required: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action."  Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (2001); Muncy v. G.C.R., Inc., 110 Fed. Appx. 552, 555 (2004).  The court emphasized that "those factors are merely guideposts or points of departure . . . they are *not* required elements."  Muncy, 110 Fed. Appx. at 555 (emphasis in original).  Any dismissal, even with prejudice, is justifiable where "there is a clear record of delay or contumacious conduct on the part of the plaintiff."  Id.

Plaintiff's conduct evidences a clear record of delay.  Plaintiff's first lawsuit (Case No. 03-70542) was dismissed with prejudice for failure to prosecute.  Although clearly barred by *res judicata*, Plaintiff nonetheless filed the case at hand and again failed to expedite the case in accordance with this Court's directions.  Clearly Plaintiff is at fault for the lack of progress in both lawsuits.  I think Defendants were prejudiced by Plaintiff's conduct.  In both lawsuits,

---

[2] Plaintiff's response was late even under the Local Rules, which require a response to a dispositive motion to be filed within 21 days of service of the motion.  See E.D. Mich. LR 7.1(d)(1)(B).

3

Defendants' time and resources were wasted by Plaintiff's inability to move the case along. Based on this pattern of dilatory conduct and disregard for this Court's orders, I exercise my power to dismiss this case *sua sponte* for lack of prosecution.

I SET ASIDE in its entirety the Opinion and Order of June 17, 2005 granting Defendant Hand's Motion for Summary Judgment. I DISMISS this case with prejudice.

**IT IS SO ORDERED.**

Date:   September 27, 2005                    s/John Feikens
                                              United States District Judge

|  |
|---|
| Proof of Service |
| I hereby certify that the foregoing order was served on the attorneys/parties of record on September 27, 2005, by U.S. first class mail or electronic means. |
| s/Carol Cohron<br>Case Manager |